# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-461

MARYANN HANSEN,                                                APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                          APPELLEE.


Before KRAMER, *Chief Judge*, and IVERS and STEINBERG, *Judges*.

## O R D E R

The appellant appeals, through counsel, a December 30, 1999, decision of the Board of Veterans' Appeals (Board), which determined that an October 29, 1997, Board decision did not contain clear and unmistakable error (CUE). The 1997 Board decision had denied an effective date prior to October 21, 1994, for an award of service connection for the appellant's post-traumatic stress disorder (PTSD). The basis for the Board's 1997 denial was its determination that VA regional office (RO) decisions dated February 20, 1973, February 5, 1974, and March 8, 1976, did not contain CUE.

A review of the record on appeal (ROA) and the parties' pleadings has raised the following issues that the Court will require the parties to address.

1. Where the Court is called upon to review a Board decision regarding an assertion of CUE in a prior Board decision, *see* 38 U.S.C. § 7111, what is the applicability to such a review of existing caselaw concerning review for CUE in RO decisions? Specifically, the parties should address, in the context of the statutory provisions found in § 7111 (including any relevant caselaw and legislative history), this Court's holding that, under the principle of res judicata, "[o]nce there is a final decision on the issue of [CUE in an RO decision] . . . that particular claim of [CUE] may not be raised again." *Russell v. Principi*, 3 Vet.App. 310, 315 (1992) (en banc); *see also Link v. West*, 12 Vet.App. 39, 44 (1998); *Norris v. West*, 11 Vet.App. 219, 224 (1998). If the principle of res judicata does apply to this Court's review pursuant to § 7111, the parties should address the impact of such principle upon the instant case, to wit: whether the appellant's assertions of CUE in the 1997 Board decision (raised to the Board in 1999) are the same assertions of CUE in the underlying RO decisions that she raised to and that were finally decided by the Board in 1997.

2. At the time of the underlying RO decisions, was there evidence of record that satisfied the requirements for service connection for PTSD or any other mental disorder? *See Bustos v. West*, 179 F.3d 1378, 1381 (Fed. Cir. 1999) ("CUE must be outcome-determinative"); *Livesay v. Principi*, 15 Vet.App. 165, 173-74 (2001) (en banc) (quoting *Fugo v. Brown*, 6 Vet.App. 40, 44 (1993) ("The claimant must provide some degree of specificity as to what the alleged error

is, and, unless it is the kind of error that, if true, would be CUE on its face, 'persuasive reasons must be given as to why the result would have been *manifestly* different but for the alleged error.'")). In this regard, the Court notes that there are three elements that must be satisfied in order for an appellant to establish service connection: a present disability; in-service incurrence or aggravation of a disease or injury; and a causal relationship between the two. *See Caluza v. Brown*, 7 Vet.App. 498, 505 (1995); 38 C.F.R. § 3.303 (2001). The parties should address (with specific citations to the ROA) whether there was evidence of record, at the time of the **February 20, 1973, February 5, 1974,** or **March 8, 1976,** RO decision, that indisputably satisfied each of these three requirements. *See Bustos*, *Livesay*, and *Fugo*, all *supra*. Moreover, as to PTSD, the parties should address whether, at the time of those RO decisions, PTSD could have been service connected. *See Fletcher v. Derwinski*, 1 Vet.App. 394, 395 (1991) (VA changed regulations in 1980 to incorporate PTSD for first time).

Upon consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the appellant file and serve on the Secretary a memorandum of law addressing the CUE issues described above. It is further

ORDERED that, not later than 30 days after service of the appellant's memorandum of law, the Secretary file and serve on the appellant a response.

DATED:  May 13, 2002                    PER CURIAM.