Citation Nr: 1138407 
Decision Date: 10/14/11 Archive Date: 10/19/11

DOCKET NO. 07-20 123 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in 
St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for residuals of a low back injury.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Mary C. Suffoletta, Counsel 


INTRODUCTION

The Veteran served on active duty from June 1966 to July 1971.

This matter initially came to the Board of Veterans' Appeals (Board) on appeal from a June 2006 rating decision that, in pertinent part, denied service connection for a low back disability. The Veteran timely appealed.

In May 2008, the Veteran testified during a hearing before the undersigned at the RO. In August 2008, the Board remanded the matter for additional development. VA substantially complied with the previous remand directives. 

The issue of entitlement to a total disability rating based on individual unemployability (TDIU) has been raised by the record (October 2010 correspondence), but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. The Board finds referral, as opposed to either Remand of that claim or consideration on the merits, particularly appropriate here as the AOJ has not had the opportunity to consider the appropriate disability evaluation for the award of service connection granted herein.


FINDINGS OF FACT

1. Resolving all doubt in the Veteran's favor, chronic sprain of the sacroiliac joint, status-post fusion, had its onset in service. 

2. The preponderance of the evidence weighs against a finding that degenerative disc disease of the lumbar spine was present during active service or within the first post-service year, or is otherwise related to service.



CONCLUSIONS OF LAW

1. Chronic sprain of the sacroiliac joint, status-post fusion, was incurred in service. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2002 & Supp. 2011); 38 C.F.R. §§ 3.102, 3.303 (2011).

2. Degenerative disc disease of the lumbar spine was not incurred in or aggravated by service, and may not be presumed to have been incurred therein. 38 U.S.C.A. §§ 1101, 1110, 1112, 1131, 5103, 5103A, 5107 (West 2002 & Supp. 2011); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.309 (2011).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Duties to Notify and Assist

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2011); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2011). 

VA should notify the Veteran of: (1) the evidence that is needed to substantiate the claim(s); (2) the evidence, if any, to be obtained by VA; and (3) the evidence, if any, to be provided by the claimant. Pelegrini v. Principi, 18 Vet. App. 112 (2004); see also Notice and Assistance Requirements and Technical Correction, 73 Fed. Reg. 23,353 (Apr. 30, 2008) (codified at 38 C.F.R. Part 3).

Through December 2005 and April 2008 letters, the RO notified the Veteran of elements of service connection and the evidence needed to establish each element. These documents served to provide notice of the information and evidence needed to substantiate the claim.

VA's letters notified the Veteran of what evidence he was responsible for obtaining, and what evidence VA would undertake to obtain. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b). VA informed him that it would make reasonable efforts to help him get evidence necessary to support his claim, particularly, medical records, if he gave VA enough information about such records so that VA could request them from the person or agency that had them.
 
In the April 2008 letter, the RO specifically notified the Veteran of the process by which initial disability ratings and effective dates are established. Dingess v. Nicholson, 19 Vet. App. 473 (2006). 

Defects as to the timeliness of the statutory and regulatory notice are rendered moot because the Veteran's claim on appeal has been fully developed and re-adjudicated by an agency of original jurisdiction after notice was provided. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006). The Veteran specifically waived RO consideration of the additional evidence submitted following the September 2009 supplemental statement of the case (SSOC); hence, no re-adjudication followed and no additional SSOC was issued.

The RO's attempts to obtain the Veteran's service treatment records, including in-service hospital and clinical records, were unsuccessful; further attempts to find such records would be futile. The only treatment records available are service dental records. The Veteran reportedly does not have any service treatment records in his possession. He has submitted statements to support his claims.

The RO or VA's Appeals Management Center has obtained copies of outpatient treatment records and surgery records, and has arranged for a VA examination in connection with the claim on appeal, a report of which is of record and is adequate. The opinion expressed therein is predicated on a substantial review of the record and consideration of the Veteran's complaints and symptoms. The Veteran has not identified, and the record does not otherwise indicate, any existing pertinent evidence that has not been obtained.

Given these facts, it appears that all available records have been obtained. There is no further assistance that would be reasonably likely to assist the Veteran in substantiating the claim. 38 U.S.C.A. § 5103A(a)(2).

II. Analysis 

Service connection is awarded for disability that is the result of a disease or injury in active service. 38 U.S.C.A. § 1110.

Service connection requires competent evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004), citing Hansen v. Principi, 16 Vet. App. 110, 111 (2002); see also Caluza v. Brown, 7 Vet. App. 498 (1995). 

With respect to the showing of chronic disease, there must be a combination of sufficient manifestations to identify the disease entity and sufficient observation at the time, as distinguished from isolated findings or a diagnosis including the word "chronic." 38 C.F.R. § 3.303 (2011). 

The Veteran contends that he injured his lumbar spine on at least two occasions during active duty while serving in assault support helicopters in Vietnam. He described one incident in May 1968 when the aircraft took enemy fire from two separate tree lines, and was forced to make a very hard auto rotation into the ground. The severity of the impact caused all four landing gears to penetrate through the aircraft, rupturing both fuel tanks, and the aircraft rolled over. The aircraft crew was evacuated for medical evaluation. The Veteran reportedly was treated for a broken right ankle, and was kept in semi-traction for back pain in order to stabilize the spine until swelling went down. X-rays at the time revealed no bone structure damage, and the Veteran returned to his unit about two weeks after the incident. The other incident also involved a crash landing. The Veteran is competent to testify on factual matters of which he has first-hand knowledge. Washington v. Nicholson, 19 Vet. App. 362 (2005). In fact, the Veteran's claim is afforded heightened consideration due to the loss of his service treatment records. E.g., Marciniak v. Brown, 10 Vet. App. 198 (1997), O'Hare v. Derwinski, 1 Vet. App. 365 (1991).

In this case, the Veteran participated in combat. His Form DD 214 reflects receipt of the Combat Infantryman Badge, among other awards. Moreover, service department records show that the Veteran was awarded an Army Commendation Medal for meritorious service in connection with military operations against a hostile force in Vietnam from March 1967 to November 1968.

In the case of a Veteran who engaged in combat with the enemy in active service with a military, naval, or air organization of the United States during a period of war, the Secretary of VA shall accept as sufficient proof of service connection of any disease or injury alleged to have been incurred in or aggravated by such service, satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease, if consistent with the circumstances, conditions, or hardships of such service, notwithstanding the fact that there is no official record of such incurrence or aggravation in such service. 38 U.S.C.A. § 1154(b); 38 C.F.R. § 3.304. As such, the Board finds the Veteran's lay statements to be credible for purposes of establishing an incident in service. 

There is no evidence of arthritis manifested to a compensable degree within the first post-service year, to warrant service connection for arthritis of the lumbar spine on the basis of presumptions referable to chronic diseases. See 38 U.S.C.A. §§ 1101, 1112, 1113 (West 2002); 38 C.F.R. §§ 3.307, 3.309 (2011).

The post-service records show a longstanding history of low back pain. X-rays taken in October 1997 revealed degenerative disc disease at L5-S1 and facet arthrosis. In February 1998, the Veteran reported being a helicopter pilot in Vietnam, and was shot down several times. He did not remember any definite injury to the back, but he was hurt all over and had reconstructive surgery on his hands. He reportedly started having low back pain about three-to-four years earlier, which had worsened. Private treatment records, dated in November 1998, suggested the presence of a left anterior innominate sacroiliac dysfunction; and initiated physical therapy.

In September 2003, the Veteran began having markedly worse back pain. During an initial evaluation by a private physician in April 2004, the Veteran reported having ongoing back pain since being in a helicopter crash in active service; and that his back pain had progressively worsened. Examination revealed decreases in all ranges of motion of the lumbar spine. Based on the Veteran's history and examination, the private physician opined that, in all medical probability, the Veteran's symptoms can be directly attributed to the aforementioned trauma. Additional evaluation in March 2006 revealed findings of degenerative disc disease, L4-L5 and L5-S1; and chronic sacroiliac injury right-sided. In July 2006, the Veteran underwent arthrodesis of the right sacroiliac joint.

In October 2006, an orthopedic surgeon opined that the incident of the crashing helicopter in service was consistent with a kind of injury that would lead to chronic sprain of the sacroiliac joint, and required surgical treatment. In support of the opinion, the orthopedic surgeon commented that chronic sprain of the sacroiliac joint in men usually followed a major traumatic injury-such as a serious automobile injury.

In May 2008, the Veteran testified that he did not have any back problems before active service; and that he felt the back injury during the first incident when the helicopter impacted the ground in Vietnam. He testified that X-rays were taken, but neither computed tomography nor MRI scans were available. The Veteran testified that, essentially, he was given medication and rest for a few weeks; and then returned to duty. The Veteran testified that he still had back problems when he returned to the United States; and that he went on sick call at times, and X-rays were taken, and he was told about the bulging disks and given medications. 

Here, a continuity of symptomatology of back pain, both during service and after service, has been demonstrated. Lay evidence concerning continuity of symptoms after service, if credible, is ultimately competent, regardless of the lack of contemporaneous medical evidence. Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). Additionally, where symptoms are capable of lay observation, a lay witness is competent to testify to a lack of symptoms prior to service, continuity of symptoms after in-service injury or disease, and receipt of medical treatment for such symptoms. Layno v. Brown, 6 Vet. App. 465, 469-71 (1994); Charles v. Principi, 16 Vet. App 370, 374 (2002).
 
Following the Board's August 2008 remand, the Veteran underwent a VA examination in August 2009 for purposes of determining the nature and etiology of his current low back disability. The examiner reviewed the claims file and noted the Veteran's medical history. Given the lack of service treatment records, and affording the claim heightened consideration, the examiner presumed that the Veteran suffered a lumbar strain from the helicopter crash in active service. The examiner commented that the Veteran had a right sacroiliac joint fusion two years ago, and an MRI report showed degenerative disc disease at L4-L5 and L5-S1. The examiner opined that it was less likely than not that the current low back disability is related to active service or to the helicopter crashes with lumbar strain. The examiner reasoned that the Veteran currently was 61 years old, and that his disability more likely was age-related progression rather than from events in active service.

When assessing the probative value of a medical opinion, the thoroughness and detail of the opinion must be considered. The opinion is considered probative if it is definitive and supported by detailed rationale. See Prejean v. West, 13 Vet. App. 444, 448-9 (2000). A medical opinion that contains only data and conclusions is not entitled to any weight. "It is the factually accurate, fully articulated, sound reasoning for the conclusion, not the mere fact that the claims file was reviewed, that contributes probative value to a medical opinion." See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

The Board finds the August 2009 examiner's opinion to be persuasive in finding that the current degenerative disc disease at L4-L5 and L5-S1 was age-related progression, rather than from events in active service. The first X-ray showing of degenerative disc disease was in 1997, more than two decades after the Veteran's discharge from active service. Moreover, in records submitted by the Veteran in October 2009, a private physician had also indicated that degenerative changes in the lumbar spine were expected, given the Veteran's age.

While the Board has considered the VA opinion to be highly probative on the matter on the etiology of his current degenerative disc disease, particularly given that it is consistent with the etiology discussed by the private physician, it does not account for evidence of sacroiliac dysfunction identified in the October 2006 opinion of the orthopedic surgeon. The Veteran has claimed continuity of symptomatology with regard to his low back complaints since service, and the findings of sacroiliac dysfunction more recently are consistent with the complaints and findings of low back problems during service and after service. These symptoms have been attributed to the helicopter incident. Resolving all doubt in the Veteran's favor, the Board finds that chronic sprain of the sacroiliac joint, status-post fusion, had its onset in service. See 38 C.F.R. § 3.102 (2011). 

Regarding the Veteran's degenerative disc disease of the lumbar spine, there is competent no evidence of record that attributes degenerative disc disease to active service or to in-service helicopter crashes. While the Veteran contends that he had bulging disks in service, he is not shown to have the medical expertise to diagnose or determine the etiology of degenerative disc disease. As noted, the Veteran has been found to be entitled to the presumptions afforded under 38 U.S.C.A. § 1154(b), and his lay statements regarding the circumstances of his in-service injury and his continuity of symptomatology since that time have been accepted as credible and persuasive. Nevertheless, he is not shown to be competent to render an opinion as to the nature of his underlying injury in service, or to identify which specific current disorders the spine are related to his in-service injury or responsible for the ongoing symptomatology he has experienced since that injury. On these matters, the Board finds the competent medical evidence of record to be the only probative evidence of record.

In short, for the reasons and bases set forth above, the Board concludes that the preponderance of the evidence is against granting service connection for degenerative disc disease of the spine. On this matter, the benefit-of-the-doubt rule does not apply, and the claim must be denied. 38 U.S.C.A. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). However, as discussed, the Board further concludes that service connection for chronic sprain of the sacroiliac joint, status-post fusion, is granted.


ORDER

Service connection for chronic sprain of the sacroiliac joint, status-post fusion, is granted.

Service connection for degenerative disc disease of the lumbar spine is denied.



____________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs