Citation Nr: 1522712 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 13-27 849 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to service connection for a bilateral knee disability. 


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

R. Costello, Associate Counsel


INTRODUCTION

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The Veteran served on active duty from August 1942 to December 1946. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2010 rating decision of the Department of the Veteran Affairs (VA) Regional Office (RO) in Houston, Texas. 

In March 2015, the Veteran testified regarding this matter at a Board hearing before the undersigned Veterans Law Judge. A transcript of the hearing has been associated with the claims file. 


FINDING OF FACT

The Veteran's bilateral knee disability is not related to service. 


CONCLUSION OF LAW

The criteria for service connection for bilateral knee disability are not met. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 1137, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duty to Notify and Assist

VA has a duty to notify and assist claimants in substantiating claims for VA benefits. See 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). In the present case, required notice was provided by letter dated in September 2009. See Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004) (Pelegrini II); Dingess/Hartman v. Nicholson, 19 Vet. App. 473, 486 (2006). 

As to VA's duty to assist, all necessary development has been accomplished. See Bernard v. Brown, 4 Vet. App. 384 (1993). The Veteran's service treatment records and VA medical records have been obtained. Also, the Veteran was provided a VA examination of his claimed bilateral knee disability in March 2013. This examination and its associated report was adequate because, along with the other evidence of record, it provided sufficient information to decide the appeal and a sound basis for a decision on the Veteran's claim. The examination report was based on examination of the Veteran by the examiner with appropriate expertise who thoroughly reviewed the claims file. 38 C.F.R. § 3.159(c)(4); Barr v. Nicholson, 21 Vet. App. 303 (2007). 

Also, 38 C.F.R. 3.103(c)(2) requires that the VLJ who conducts a hearing fulfill two duties consisting of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. Bryant v. Shinseki, 23 Vet. App. 488 (2010). In this case, during the March 2015 Board personal hearing, the VLJ complied with these requirements. Neither the Veteran nor his representative has asserted that VA failed to comply with 38 C.F.R. § 3.103(c)(2) or identified any prejudice in the conduct of the Board hearing. As such, the Board finds that, consistent with Bryant, the VLJ complied with the duties set forth in 38 C.F.R. § 3.103(c)(2), and that any error in notice provided during the Veteran's hearing constitutes harmless error. 

Therefore, VA has satisfied its duties to notify and assist, and there is no prejudice to the Veteran in adjudicating this appeal. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994). 

II. Service Connection

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a) (2014). Service connection requires competent evidence showing the following: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004), citing Hansen v. Principi, 16 Vet. App. 110, 111 (2002); see also Caluza v. Brown, 7 Vet. App. 498 (1995). Service connection may be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d) (2014).

In addition, certain chronic diseases, such arthritis, may be presumed to have been incurred during service if they become manifested to a compensable degree within one year of separation from active duty. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307(a)(3), 3.309(a). In this case, as will be explained below, as there is no evidence of arthritis until 1998, this provision relating to presumptive service connection is not for application.

However, presumptive service connection may alternatively be established by way of continuity of symptomatology under 38 C.F.R. § 3.303(b). Continuity of symptomatology may be shown by demonstrating "(1) that a condition was 'noted' during service or any applicable presumption period; (2) evidence of post-service continuity of the same symptomatology; and (3) medical or, in certain circumstances, lay evidence of a nexus between the present disability and the post-service symptomatology." Barr v. Nicholson, 21 Vet. App. 303, 307 (2007); see also Davidson v. Shinseki, 581 F.3d 1316; Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007) (holding that "[w]hether lay evidence is competent and sufficient in a particular case is a factual issue to be addressed by the Board"). However, the Federal Circuit held that the theory of continuity of symptomatology can be used only in cases involving those conditions explicitly recognized as chronic in 38 C.F.R. § 3.309(a), such as arthritis. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

The Veteran alleges he is entitled to service connection for a bilateral knee disability. Specifically, in his March 2015 Board hearing, his representative stated the Veteran injured his knees at the same time he injured his left ankle; during a parachute jump. Although the Veteran WAS service-connected for his left ankle disability in 1946, he stated he did not file a claim for a bilateral knee disability at that time, although his knees were bothering him, because he was told there were no records of it and he did not say anything. He could not do anything about it. 

Service treatment records reflect the Veteran sprained his ankle joint accidentally in September 1946 when he twisted his left ankle on a parachute landing during training. Records, including the Veteran's December 1946 separation examination, were silent for any complaints, treatments, or injuries pertaining to the Veteran's knees. 

VA post-service treatment records beginning in October 1998 reflect the Veteran had degenerative joint disease in his knees. A March 1999 VA treatment record noted the veteran had degenerative joint disease in his knees and back for 10-15 years. A May 2010 VA treatment record noted the Veteran had some crepitus of his right and left knees. 

A July 2011 VA examination of the Veteran's left ankle noted the Veteran took Tylenol for his knees and stated he could walk maybe a block and then had to sit down. 

The Veteran was afforded a VA examination in March 2013. The examiner reviewed the Veteran's case file and performed an in-person examination. The examiner diagnosed the Veteran with osteoarthritis of the bilateral knees. The examiner opined the Veteran's claimed condition was less likely than not proximately due to or the result of the Veteran's service-connected condition. The examiner explained that the Veteran has minimal complaints related to his ankle. His knee condition is age related and not secondary to his ankle condition. The examiner further stated there is no evidence of aggravation. 

While the Veteran contends his current bilateral knee conditions are related to service, the Board finds the weight of the evidence is against the claim. 

As the record does not reflect any manifestation of any arthritis within a year following discharge from service, the presumptive service connection provision of 38 C.F.R. §§ 3.307 and 3.309(a) for chronic disabilities are not applicable. 

The Board finds the most probative evidence as to whether the Veteran's claimed bilateral knee disability is related to active duty service to be the March 2013 VA examination and opinion. The examination report included a review of the record and the examiner conducted a thorough examination and interview of the Veteran, and provided a complete rationale for his opinions. The VA examiner's opinion was clearly based upon a comprehensive and factually accurate review of the record evidence from all sources, to include the Veteran's service treatment record and post-service medical records. 

There is no competent and probative evidence contradicting the March 2013 examiner's opinion. While the Board recognizes the Veteran's assertion that his current bilateral knee disability is related to service, the Veteran is not competent to conclude that his current bilateral knee disability is due to an in-service incident. Although lay persons are competent to provide opinions on some medical issues, the specific matter here (degenerative joint disease of the knees) falls outside the realm of common knowledge of a lay person. Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011); Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). The Veteran is not competent to say his current bilateral knee disability is related to an in-service injury. That is a medical question that requires a medical opinion. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); see Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); also see Woehlaert v. Nicholson, 21 Vet. App. 456, 462 (2007). 

Although the Veteran stated he did not file a claim for his knee disability at the same time as his left ankle disability because he was told there were no records of it and he did not say anything, the lapse of so many years between discharge and the first documented medical complaints and treatment of a bilateral knee disability weighs against the Veteran's claim. The first medical record of any arthritis was in October 1998, nearly 52 years after service. This gap provides highly probative evidence against the Veteran's claims. See Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000).

The evidence thus weighs against a finding that a current bilateral knee disability is related to service. Therefore, service connection must be denied. As the preponderance of the evidence is against the claims, the benefit-of-the-doubt doctrine is not applicable. See 38 U.S.C.A. § 5107(b); Gilbert, 1 Vet. App. At 53-56.


ORDER

Service connection for a bilateral knee disability is denied. 




____________________________________________
JONATHAN B. KRAMER
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs