Citation Nr: 1554518 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 09-37 387 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss. 

2. Entitlement to service connection for tinnitus. 


REPRESENTATION

Veteran represented by: Vietnam Veterans of America


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

Saira Spicknall, Counsel


INTRODUCTION

The Veteran served on active duty from February 1962 to February 1965.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from November 2006 and October 2007 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO), which determined that new and material evidence had not been presented to reopen the previously denied claims for service connection for bilateral hearing loss and tinnitus.

The Veteran testified at a hearing at the RO before the undersigned Veterans Law Judge of the Board (Travel Board hearing) in February 2012. A transcript of that hearing has been associated with the claims file. 

In March 2012, the Board remanded this case for additional development. In September 2013, the Board reopened the claims and remanded them again for additional development. This case was remanded again by the Board in June 2014, for further development. 

This claim was wholly processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing. 


FINDINGS OF FACT

1. Resolving all doubt in favor of the Veteran, his bilateral hearing loss was caused by in-service noise exposure. 

2. Resolving all doubt in favor of the Veteran, his tinnitus was caused by in-service noise exposure.



CONCLUSIONS OF LAW

1. The criteria for the establishment of service connection for bilateral hearing loss are met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.385 (2015).

2. The criteria for the establishment of service connection for tinnitus are met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2015). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veterans Claims Assistance Act (VCAA)

The Board finds that the RO has substantially satisfied the duties to notify and assist, as required by the VCAA. See 38 U.S.C.A. § 5103; 38 C.F.R. § 3.159 (2015). To the extent that there may be any deficiency of notice or assistance, there is no prejudice to the Veteran in proceeding with this issue given the fully favorable nature of the Board's decision. 

Analysis

After a careful review of the record, and resolving all doubt in favor of the Veteran, the Board has determined, based upon the probative evidence of record, that the Veteran has current diagnoses of bilateral hearing loss and tinnitus which were incurred during his active service. Therefore, service connection is warranted for bilateral hearing loss and tinnitus. 

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303(a) (2015). In addition, service connection may be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). Service connection requires competent evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004), citing Hansen v. Principi, 16 Vet. App. 110, 111 (2002); see also Hickson v. West, 12 Vet. App. 247, 253 (1999); see also Caluza v. Brown, 7 Vet. App. 498 (1995). 

Service connection will also be presumed for certain chronic diseases, including sensorineural hearing loss, if manifested to a compensable degree within one year after discharge from service. 38 U.S.C.A. § 1112; 38 C.F.R §§ 3.307, 3.309. This presumption, however, is rebuttable by probative evidence to the contrary. 38 U.S.C.A. § 1113. As sensorineural hearing loss is a chronic disease or condition recognized under 38 C.F.R. § 3.309(a), the principle of a continuity of symptomatology discussed in 38 C.F.R. § 3.303(b) applies to the current claim. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

1. Hearing Loss

The Veteran alleges that his current hearing loss is due to exposure to loud noise in the military. In his February 2012 Travel Board hearing, the Veteran reported that, while stationed in Bremerhaven Army Base in Germany from 1963 to 1965, he was with Headquarters Company 1st Battalion, 13th Infantry Regiment, 8th Infantry Division. He testified that, on or about August or September in 1964, while on closed firing range, a tank next to him had fired its gun after a cease fire was called, which caused his acoustic trauma. His service separation form (DD-214) indicates that his military occupational specialty (MOS) was that of an Armor Crewman and he received a sharpshooter (Rifle M-1) badge. Thus the record supports his claims of in-service noise exposure. 38 U.S.C.A. § 1154. 

The Veteran also has a current diagnosis of bilateral hearing loss which qualifies as a hearing loss disability for VA compensation purposes as demonstrated by private and VA medical records and the September 2005 and September 2013 VA examinations. See 38 C.F.R. § 3.385. 

Both the VA examiner in the September 2005 VA examination and the VA examiner in the September 2013 VA examination and June 2014 VA addendum opinion found that the Veteran's current bilateral hearing loss was not related to his military noise exposure, finding that the STRs demonstrated the Veteran's hearing was normal at separation. However, the Board finds that both the VA examiners based their opinions on incorrect information. Service department audiometric readings prior to October 31, 1967, must be converted from American Standards Association (ASA) units to International Standard Organization (ISO/ANSI) units. Thus, the results of the audiometric testing at the December 1964 separation examination, converted from ASA to ISO/ANSI units, are as follows: 




HERTZ









500
1000
2000
3000
4000
RIGHT
15
10
10
10
10
LEFT
15
10
10
10
5

The United States Court of Appeals for Veterans Claims (Court), in Hensley v. Brown, 5 Vet. App. 155 (1993), indicated that 38 C.F.R. § 3.385 does not preclude service connection for a current hearing disability where hearing was within normal limits on audiometric testing at separation from service if there is sufficient evidence to demonstrate a relationship between the Veteran's service and his current disability. 

In this case, when converted from ASA to ISO/ANSI units, the December 1964 audiometric test results in the separation examination indicate hearing thresholds that are some degree higher than those originally characterized in the June 2014 VA addendum opinion as "excellent," due to their range from zero to five decibels. As the table above reflects, the Veteran's hearing thresholds at separation, when converted to ISO/ANSI units actually range from five to 15 decibels, which was not considered by the VA examiners. Moreover, neither of the VA examiners considered the Veteran's lay statements of a continuity of symptoms since his active service. Therefore these opinions are inadequate and are afforded no probative value. 

The Veteran's lay statements that his hearing problems have continued since service are competent, credible and ultimately probative. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007); see Baldwin v. West, 13 Vet. App. 1 (1999). 

The Board finds that the Veteran's lay statements, the service treatment records and the post-service VA and private audiology findings, taken together, place the evidence in relative equipoise. Therefore, the Board resolves all doubt in favor of the Veteran, and finds the probative evidence of record demonstrates he has a current diagnosis of bilateral hearing loss that had its onset during active service. Thus, service connection for bilateral hearing loss is warranted. 38 C.F.R. §§ 3.102, 3.303 (2015). See also 38 U.S.C.A. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990). 

2. Tinnitus

As noted above, the record supports his claims of in-service noise exposure. 38 U.S.C.A. § 1154. See 38 U.S.C.A. § 1154(a) (West 2014). 

The Veteran's STRs are absent of any complaints of ringing in the ears or treatment for tinnitus at any time throughout his active service. 

The medical evidence of record demonstrates the Veteran has a current diagnosis of tinnitus. 

Because of the inherently subjective nature of tinnitus, it is readily capable of even lay diagnosis and the Veteran, as a layperson is competent to testify as to his symptoms, specifically to experiencing tinnitus in service and since that time. See Charles v. Principi, 16 Vet. App. 370 (2002); Falzone v. Brown, 8 Vet. App. 398 (1995); see also Washington v. Nicholson, 19 Vet. App. 362, 368 (2005); see Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007). The Board finds the veterans statements and testimony regarding having tinnitus in service and since that time are credible. See Baldwin v. West, 13 Vet. App. 1 (1999); see also Dalton v. Nicholson, 21 Vet. App. 23 (2007). 

Although the VA examiners in the September 2005 and September 2013 VA examination reports and the June 2014 VA addendum opinion found it was less likely than not that tinnitus was related to noise exposure encountered during active military service, the Board also finds the Veteran's statements of experiencing tinnitus since his active service competent and credible evidence. The Board also points out that the examiners did not consider the Veteran's lay statements in providing their opinions. Finally, the Veteran's VA audiologist initially reported in an August 2012 VA treatment report that an MRI revealed an area of basilar artery dolichoectasia that could explain tinnitus, however, the Veteran's history of noise exposure with sudden blast from a tanker could also explain tinnitus. This statement was also reiterated in subsequent reports. Therefore, the evidence of record, taken together, at the very least places the evidence in a state of relative equipoise as to whether tinnitus was caused by in-service noise exposure, and the Board must resolve this doubt in the Veteran's favor and grant the claim for service connection for tinnitus. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990). 



ORDER

Service connection for bilateral hearing loss is granted. 

Service connection for tinnitus is granted. 



____________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs