http://www.va.gov/vetapp16/Files6/1644950.txt

Citation Nr: 1644950 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 10-07 784 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in 
Columbia, South Carolina

THE ISSUE

Entitlement to service connection for arthritis, to include as secondary to service-connected sarcoidosis.

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

Mary C. Suffoletta, Counsel 

INTRODUCTION

The Veteran served on active duty in the U.S. Army from August 1970 to September 1972.

This matter initially came to the Board of Veterans' Appeals (Board) on appeal from an April 2009 rating decision that, in pertinent part, denied service connection for arthritis. The Veteran timely appealed.

In June 2011, the Veteran testified during a videoconference hearing before the undersigned at the RO. In January 2012 and in July 2014, the Board remanded the matter for additional development.

In June 2016, the Board requested a medical expert opinion from the Veterans Health Administration (VHA) for purposes of addressing medical questions for an equitable disposition of the appeal. See 38 C.F.R. § 20.901 (2016). This opinion was obtained in August 2016 and has been associated with the claims file.

Pursuant to 38 C.F.R. § 20.903, the Veteran and his attorney were provided a copy of the VHA opinion, and were provided a period of 60 days to submit any additional evidence or argument. In September 2016, the Veteran responded that he had no further argument or evidence to submit.

The Board notes that, in an August 2015 rating decision, VA's Appeals Management Center (AMC) granted service connection for hypertension evaluated as 0 percent (noncompensable) disabling effective October 29, 2008.

Notably, the Veteran has filed a timely VA Form 21-0958, Notice of Disagreement, on the initial rating for hypertension. Typically, when there has been an initial adjudication of a claim and a notice of disagreement (NOD) has been filed as to its denial, the Veteran is entitled to a statement of the case (SOC), and the RO's failure to issue a statement of the case is a procedural defect requiring remand. Manlincon v. West, 12 Vet. App. 238 (1999). However, in this case, in response to the Veteran's NOD, the RO issued an August 2015 letter acknowledging the NOD and explaining the different appeal options. The RO subsequently ordered a VA examination in conjunction with the issue. Thus, as the RO has acknowledged receipt of the NOD, and indeed undertaken further development of the issue, this situation is distinguishable from Manlincon v. West, supra, where a NOD had not been recognized. As the RO is properly addressing the NOD, no action is warranted by the Board.

FINDING OF FACT

Arthritis was not present during active service or within the first year after separation; and is not otherwise related to a disease or injury during active service, and is not due to or aggravated by the service-connected sarcoidosis. 

CONCLUSION OF LAW

Arthritis was not incurred or aggravated in service; and may not be presumed to have been incurred therein, and is not proximately due to or the result of a service-connected disability. 38 U.S.C.A. §§ 1101, 1110, 1112, 1131, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.309, 3.310 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2015). 

VA's duty to notify was satisfied by March 2009 and January 2012 letters. See 38 U.S.C.A. §§ 5102, 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2015); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). The Veteran's claim on appeal has been fully developed and re-adjudicated by an agency of original jurisdiction after notice was provided. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006). 

The Board concludes that VA's duty to assist has been satisfied. All available records identified by the Veteran as relating to his claim have been obtained, to the extent possible. The RO or AMC has obtained the Veteran's service treatment records and outpatient treatment records, and has arranged for VA examinations in connection with the claim on appeal, reports of which are of record and appear adequate. The opinions expressed therein are predicated on a substantial review of the record and consideration of the Veteran's complaints and symptoms. The Veteran has not identified, and the record does not otherwise indicate, any existing pertinent evidence that has not been obtained.

During the hearing the undersigned clarified the issues, explained the concept of service connection, and helped to identify any pertinent evidence that was outstanding that might substantiate the claim. The case was thereafter remanded for additional development, including examination. The actions of the undersigned supplement VA's duties and comply with 38 C.F.R. § 3.103.

Given these facts, it appears that all available records have been obtained. There is no further assistance that would be reasonably likely to assist the Veteran in substantiating the claim. 38 U.S.C.A. § 5103A(a)(2).

II. Analysis 

Service connection is awarded for disability that is the result of a disease or injury in active service. 38 U.S.C.A. §§ 1110, 1131.

Service connection requires competent evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004), citing Hansen v. Principi, 16 Vet. App. 110, 111 (2002); see also Caluza v. Brown, 7 Vet. App. 498 (1995). 

For the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word "chronic." 38 C.F.R. § 3.303(b). If a condition noted during service is not shown to be chronic, then generally, a showing of continuity of symptoms after service is required for service connection. Id. The Federal Circuit has held that section 3.303(b) applies only to those chronic conditions specifically listed in 3.309(a). See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). Notably, arthritis is considered chronic under section 3.309.

In this case, the record reflects that the Veteran was first diagnosed with degenerative joint disease of the right knee in August 2008 and with mild arthritis of the left hip in March 2012-i.e., several years after his military discharge from service. Although arthritis has persisted, the Veteran is nevertheless not entitled to direct service connection for arthritis of any joint because there is no competent evidence linking the disability to any disease or injury in active service.

Here, the Veteran's enlistment examination does not appear to be of record; therefore, he is presumed sound at entry in August 1970. Service treatment records do not reflect any findings or complaints of knee pain or hip pain, or of injury to either knee or hip. Clinical evaluation at the time of the service medical board evaluation in June 1972 revealed normal lower extremities and normal spine and musculoskeletal system. No knee disability and no hip disability were found in active service or during Army Reserve service.

Here, there is no competent evidence of arthritis of either knee or hip in active service or within the first post-service year.

MRI scans of the Veteran's right knee conducted in March 2006 revealed that a small Baker's cyst was forming, and revealed a complex tear of the medial meniscus. The impression in August 2008 was degenerative joint disease involving the right knee, which included several small degenerative subchondral cysts at the medial femoral condyle; and a medial meniscus tear.

During a March 2012 VA examination, the Veteran reported pain in both knees, both hands, left hip, and left shoulder. He denied any injury to these areas, and stated that the pain had been present for multiple years, and since around the 1970's as well. Examination revealed pain of the knees, hip, hands, and shoulder during ranges of motion or at the end range of motion. X-rays revealed evidence of arthritic changes in both hands. Diagnoses included bilateral patellofemoral arthrosis, right index finger and left small finger distal interphalangeal joint arthrosis, impingement syndrome of left shoulder, and extremely mild arthritis of the left hip. 

The March 2012 examiner opined that the Veteran's arthrosis is not caused by his active service itself. In support of the opinion, the examiner reasoned that there is no evidence of significant injuries to these joints in active service. The examiner further explained that degenerative changes occur over time, and are not related to the Veteran's years of active service.

The Board is within its province to make a determination as to whether the evidence supports a finding of service incurrence. See Barr v. Nicholson, 21 Vet. App. 303, 307 (2007). As indicated above, the first credible showing of pertinent disability is many years after service with no competent evidence that it is in any way related to active service. While the Veteran is competent to report symptoms, he is not competent to provide an etiology opinion linking arthritis to active service, as this is beyond the capacity of a lay person to observe. 

Here, the Veteran asserts that his arthritis is secondary to the service-connected sarcoidosis.
 
Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists and (2) that the current disability was either (a) proximately caused by or (b) proximately aggravated by a service-connected disability. Allen v. Brown, 7 Vet. App. 439, 448 (1995) (en banc). When service connection is established for a secondary condition, the secondary condition shall be considered a part of the original condition. 38 C.F.R. § 3.310(a).

However, VA will not concede that a nonservice-connected disease or injury was aggravated by a service-connected disease or injury unless the baseline level of severity of the nonservice-connected disease or injury is established by medical evidence created before the onset of aggravation or by the earliest medical evidence created at any time between the onset of aggravation and the receipt of medical evidence establishing the current level of severity of the nonservice-connected disease or injury. The rating activity will determine the baseline and current levels of severity under the Schedule for Rating Disabilities and determine the extent of aggravation by deducting the baseline level of severity, as well as any increase in severity due to the natural progress of the disease, from the current level. See 38 C.F.R. § 3.310(a), (b), as amended effective October 10, 2006.

In February 2009, the Veteran submitted evidence of arthritis and of sciatic nerve causing his hip pain; and contended that the service-connected sarcoidosis, as an inflammatory disease, took "a physical and emotional toll" on him by affecting multiple organs and other bony area due to the formation of cysts in bone joints.

The report of a March 2009 VA examination reflects that the Veteran was diagnosed with sarcoidosis, via a lung biopsy, in active service in 1972; and that the Veteran recently reported exacerbation of his arthritis in the right knee, left hip, and left shoulder.

The report of a May 2010 VA examination reflects that the Veteran was diagnosed with sarcoidosis in 1971, and that he also had arthritic problems and diabetes mellitus and obesity.

Following examination in March 2012, the examiner opined that the Veteran's current arthritis is not related to sarcoidosis. In support of the opinion, the examiner reasoned that sarcoidosis has been known to have pulmonary findings and ocular findings and serological findings, as well as cardiac manifestations and neurologic manifestations; however, arthritic changes are not related to sarcoidosis. The examiner also found no evidence that sarcoid caused arthritic changes.

In a September 2014 addendum, another VA examiner opined that it is less likely than not that the Veteran's service-connected sarcoidosis had permanently aggravated the Veteran's arthritis beyond its natural progression. In support of the opinion, the examiner reasoned that the Veteran's osteoarthritis of the right knee and hands is characterized clinically as chronic by X-ray findings and different than the acute arthritis produced by sarcoidosis. In essence, sarcoidosis is known to cause acute episodes of arthritis that resolve spontaneously and are not permanent.

In a June 2015 addendum, the same VA examiner opined that it is less likely than not that this Veteran's reported right knee cyst is responsible for his right knee pain; and that it is at least as likely as not that the Veteran's chronic osteoarthritis is producing right knee pain. In support of the opinions, the examiner reasoned that X-rays taken of the right knee did not show any evidence of cystic changes of the bones comprising the right knee joint. If a cyst was present in the soft tissue overlying the knee joint, it would not be expected to produce pain. If a cyst was present in the area posterior to the knee joint, it would be a Baker's cyst, which is not caused by sarcoidosis. 

In June 2016, the Board sought a VA expert medical opinion to clarify and address the question of etiology of the Veteran's arthritis.

In August 2016, the expert reviewed the Veteran's medical records and opined that the Veteran has degenerative arthritis of the right knee. The expert described subchondral bone cysts as a common finding in degenerative arthritis and a Baker's cyst as a common condition in which the synovial fluid in the knee joint produces a posterior cyst from weakness in the posterior capsule of the knee joint. The expert explained that neither subchondral cysts nor Baker's cysts are associated with sarcoidosis.

The expert also stated that there was nothing in the Veteran's medical reports or MRI scans that would indicate that he had an "inflammatory" arthropathy of his knee; such an inflammatory process would consist of synovial hypertrophy and chondrolysis, and support the diagnosis of sarcoidosis.

Based on these findings, the expert opined that the Veteran's arthritic knee condition is probably not related to the natural progression of his sarcoidosis disability; nor is it aggravated by his sarcoidosis. Specifically, the Veteran has "degenerative arthritis" of his knee and not an "inflammatory arthritis" of his knee. The expert also opined on a more probable than not basis that the subchondral bone cysts and the Baker's cyst are not related to his sarcoidosis; and that neither subchondral cysts nor Baker's cyst cause pain.

When assessing the probative value of a medical opinion, the thoroughness and detail of the opinion must be considered. The opinion is considered probative if it is definitive and supported by detailed rationale. See Prejean v. West, 13 Vet. App. 444, 448-9 (2000). A medical opinion that contains only data and conclusions is not entitled to any weight. "It is the factually accurate, fully articulated, sound reasoning for the conclusion, not the mere fact that the claims file was reviewed, that contributes probative value to a medical opinion." See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

The August 2016 expert reviewed the medical records and cited to specific evidence and common clinical characteristics of arthritis to support the opinion. The expert specifically noted the Veteran's right knee cysts and MRI evidence of degenerative arthritis. In essence, the expert found that the Veteran's arthritis is neither related to nor aggravated by a service-connected disability. The opinion is corroborated by other medical opinions of record; and is probative because it is factually accurate, fully articulated, and contains sound reasoning. Therefore, the opinion is afforded significant probative value. Nieves-Rodriguez, 22 Vet. App. at 304. 

While the Veteran contends that his arthritis was caused by or had worsened due to his sarcoidosis, he is not shown to have the medical expertise to offer an opinion on such a complex medical question. As noted above, he is not shown to be competent to render an opinion as to the nature of his underlying arthritis, or to identify that such a disability is related to service or due to or aggravated by the service-connected sarcoidosis. In essence, the Board finds that the issue presented in the case is not one in which the Veteran's lay contentions can serve to support an award of service connection.

In short, for the reasons and bases set forth above, the Board concludes that the preponderance of the evidence is against granting service connection for arthritis, to include as secondary to sarcoidosis. On this matter, the benefit-of-the-doubt rule does not apply, and the claim must be denied. 38 U.S.C.A. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

ORDER

Service connection for arthritis, to include as secondary to sarcoidosis, is denied.

____________________________________________
MICHAEL A. PAPPAS
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs