Citation Nr: 1829316 
Decision Date: 05/25/18 Archive Date: 06/12/18

DOCKET NO. 07-39 285 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Entitlement to service connection for a left eye disability, claimed as a vision problem.


REPRESENTATION

Veteran represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

M.D., Associate Counsel


INTRODUCTION

The Veteran served on active duty from November 1977 to October 1980.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2007 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO) in Huntington, West Virginia. The case has been transferred to Montgomery, Alabama, which now has jurisdiction.

In July 2012, September 2015, and February 2017, the Veteran testified in videoconference hearings before the undersigned Veterans Law Judges (VLJ). Copies of the transcripts have been associated with the record. 

In September 2012, October 2016, and October 2017, the Board remanded this matter for further development. The claim was remanded in September 2012 for a VA examination to determine the etiology of the Veteran's claimed left disability. 
The claim was remanded in October 2016 to schedule the Veteran for a Board hearing before a third VLJ pursuant to Arneson v. Shinseki, 24 Vet. App. 379 (2011). 

The claim was remanded in October 2017 for an addendum opinion regarding the etiology of the Veteran's left eye disability as the January 2015 VA opinion was found inadequate.



FINDING OF FACT

The Veteran's current left eye disabilities did not have its onset in service and are not related to active service.


CONCLUSION OF LAW

The criteria for service connection for a left eye disability are not met. 38 U.S.C. §§ 1110, 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.159, 3.303 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

VA satisfied the duties to notify and assist in this appeal regarding entitlement to service connection for a left eye disability. See Scott v. McDonald, 789 F. 3d 1375 (Fed. Cir. 2015); Dickens v. McDonald, 814 F.3d 1359 (Fed. Cir. 2016).

In January 2015, the Veteran was provided a VA examination regarding his claim for entitlement to service connection for a left eye disability. This opinion was later found to be inadequate. In November 2017, the Veteran was afforded an addendum opinion regarding the etiology of the Veteran's left eye disability. The Board finds the November 2017 opinion to be adequate upon which to adjudicate the merits of this appeal. 

In addition, as previously noted, the Veteran was provided an opportunity to set forth his contentions before a Veterans Law Judge in July 2012, September 2015, and February 2017. In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the Court held that 38 C.F.R. § 3.103(c)(2) requires that a "hearing officer" who chairs a hearing to fulfill two duties: (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. Here, the Veteran has not raised any deficiency with the hearings and the Board does not otherwise find any prejudicial error. See Dickens v. McDonald, 814 F.3d 1359 (Fed. Cir. 2016).

II. Service Connection

Service connection requires competent evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004), citing Hansen v. Principi, 16 Vet. App. 110, 111 (2002); see also Caluza v. Brown, 7 Vet. App. 498 (1995).

In general, service connection may not be granted for congenital or developmental defects, as they are not considered a disease or injury for the purpose of service connection. See 38 C.F.R. § 3.303 (c), 4.9. 

For VA purposes, a "defect" is defined as a structural or inherent abnormality or condition which is more or less stationary in nature, and is generally incapable of improvement or deterioration. Service connection may be granted for any additional disability that results where a congenital or developmental defect is subject to, or aggravated by, a superimposed disease or injury. See VAOPGCPREC 82-90 (July 18, 1990); VAOPGCPREC 67-90 (July 18, 1990).

The Board has reviewed all of the evidence in the Veteran's record. Although the Board is required to provide reasons and bases supporting its decision, there is no need to discuss each item of evidence in the record. Hence, the Board will summarize the pertinent evidence as deemed appropriate, and the Board's analysis will focus on what the evidence of record shows, or does not show, with respect to the claim. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000).

The Veteran contends that his left eye disability developed in service. 

The Veteran testified that while stationed in Korea, he sustained an injury to his eye when a piece of metal got stuck in his eye. See February 2017 Board hearing transcript at 3-4. 

Service treatment records show that the Veteran was diagnosed with left eye astigmatism in October 1980. 

Pursuant to the September 2012 Board remand, the Veteran was afforded a VA eye examination in January 2015. The Veteran was diagnosed with dry eye syndrome, pinguecula, and cataracts. The examiner opined that the Veteran's current left eye condition was less likely than not caused by or related to the treatment received in service. The examiner also noted that the Veteran did not have an astigmatism. As noted, this opinion was found to be inadequate.

Pursuant to the October 2017 Board remand, the Veteran was afforded an addendum opinion regarding the etiology of his left eye disability. 

In the November 2017 addendum opinion, the examiner opined that the Veteran's dry eye syndrome, pinguecula, cataracts, corneal scar of the left eye, and photophobia were less likely as not incurred in, caused by, or proximately due to his service time including the Veteran 1980 incident.

The examiner expressed that the Veteran's eye conditions did not begin until many years after service and therefore the eye conditions were more likely age-related and unrelated to his time in service including the 1980 incident. After review of this November 2017 opinion, the Board finds that it is adequate upon which to address the etiology of the currently present acquired eye disabilities due to the correct facts being used and the rationale provided. In this regard, the evidence weighs against a finding of an astigmatism (the diagnosis found in service) being diagnosed during any period relevant to the appellate period, and therefore, the Board finds it need not further address this diagnosis, to include whether such a diagnosis is congenital or acquired in nature.

The examiner also stated that the Veteran's corneal scar of the left eye was not noted in his October 1980 eye exam which was just prior to his release from active duty, and therefore, the corneal scar was likely due to an incident after service.

To the extent that the Veteran himself or his representative contend that a medical relationship exists between his current left eye disability and service, the Board acknowledges that the Veteran is competent to testify as to his observations. Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). Furthermore, lay witnesses may, in some circumstances, opine on questions of diagnosis and etiology. See Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009). 

The Board finds, however, that the question regarding the potential relationship between the Veteran's left eye disability, and any instance of his military service, to include being stuck in the eye by a shrapnel, to be complex in nature. See Woehlaert v. Nicholson, 21 Vet. App. 456 (2007). In this case, the cause of the Veteran's current left eye disabilities involves complex medical etiological questions because they pertain to the origin and progression of the Veteran's eye conditions. 

The Veteran is competent to relate symptoms of his current eye disabilities that he experiences, but he is not competent to diagnose or opine on whether there is a link between the current left eye disability and service because such conclusions require specific, highly specialized, medical knowledge and training regarding some unseen and complex processes of the eyes, knowledge of the various risk factors and causes of eye disorders, specific clinical testing for these eye conditions, and knowledge of likely date of onset and ranges of progression of eye disorders that the Veteran is not shown to possess. See Kahana v. Shinseki, 24 Vet. App. 428, 438 (2011) (holding that ACL is too "medically complex" for lay diagnosis based on symptoms); Woehlaert v. Nicholson, 21 Vet. App. 456, 462 (2007) (holding that rheumatic fever is not a disorder capable of lay diagnosis). 

The competent evidence of record weighs against a finding that the Veteran's left eye disability is etiologically related to active service. Therefore, service connection is not warranted and the claim must be denied. 

Although the Board is sympathetic to his claim, for the above reasons, the preponderance of the evidence is against the claim, the benefit of the doubt rule is inapplicable, and the appeal must be denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.
 
ORDER

Entitlement to service connection for a left eye disability is denied. 



 
 NATHANIEL J. DOAN K. MILLIKAN
 Veterans Law Judge Veterans Law Judge
 Board of Veterans' Appeals Board of Veterans' Appeals



_____________________________
C. TRUEBA
Veterans Law Judge
Board of Veterans' Appeals

Department of Veterans Affairs