**Rita T. ENNIS, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–836.**

United States Court of Veterans Appeals.

April 15, 1993.

Before KRAMER, FARLEY, and IVERS, Associate Judges.

### ORDER

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–836.**

United States Court of Veterans Appeals.

April 15, 1993.

**524**

Rita T. Ennis, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Michael P. Butler were on the brief, for appellee.

Before KRAMER, FARLEY and IVERS, Associate Judges.

IVERS, Associate Judge, filed the opinion of the Court. FARLEY, Associate Judge, filed a separate opinion, concurring in part and dissenting in part.

IVERS, Associate Judge:

Appellant, Rita T. Ennis, seeks review of two March 1, 1991, Board of Veterans' Appeals (BVA) decisions. The first decision denied entitlement to accrued benefits pursuant to a pending claim for entitlement for service connection for polycythemia rubra vera, claimed as a residual of exposure to ionizing radiation. *Rita T. Ennis, in the Case of Henry L. Ennis*, BVA 91–06748, at 4 (Mar. 1, 1991). The second decision denied entitlement to accrued benefits pursuant to a pending claim for entitlement to service connection for polycythemia rubra vera, claimed as a residual of exposure to asbestos; denied entitlement to accrued benefits pursuant to a pending claim for entitlement to service connection for a chronic pulmonary disorder, claimed as a residual of exposure to asbestos; and denied entitlement to service connection for the cause of the veteran's death on a basis other than as the result of exposure to ionizing radiation. *Ennis*, BVA 91–06749, at 6. On April 7, 1991, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, for acceptance of the motion in lieu of a brief, and for a stay of proceedings pending a ruling on this motion. For the reasons set forth below, the Court affirms the decision of the BVA which denied service connection for polycythemia rubra vera based on radiation exposure. The Court, for the reasons also set forth below, remands to the BVA, for further proceedings consistent with this opinion, the remaining three issues: service connection for polycythemia rubra vera based on asbestos exposure, service connection for chronic pulmonary disorder based on asbestos exposure, and service connection for the cause of the veteran's death.

## I. BACKGROUND

The veteran, Henry L. Ennis, served as a machinist mate in the United States Navy from November 10, 1937, through October 9, 1947, and October 21, 1947, until December 17, 1965. He retired with the rank of Senior Chief Machinist Mate (E–8) and was honorably discharged. R. at 202. In June 1967, the veteran received a disability rating of 20% for osteoarthritis and 10% for varicose veins. No ratings for other disabilities or injuries were awarded. R. at 105–06. The veteran petitioned to reopen his claim for service-connected disability on October 30, 1987. At the same time, he filed for increased ratings and alleged that he was suffering from polycythemia rubra vera which he claimed was the direct result of his exposure to asbestos during his military service. R. at 204. In connection with that claim, the Veterans' Administration (now Department of Veterans Affairs) (VA) also received correspondence from the veteran's private physician which supported his claim of polycythemia rubra vera. The physician's correspondence also indicated that the veteran suffered from chronic obstructive pulmonary disease (COPD). R. at 219. The veteran received a medical evaluation in support of his claim on February 2, 1988, which took note of the fact that the veteran smoked approximately one to two packs of cigarettes a day for 40 years. R. at 221. As a consequence of the claim and examination, the VA Regional Office (RO), on March 9, 1988, increased his total disability to 40% based upon spondylosis and arthritis of the lumbar spine, but denied service connection for polycythemia rubra vera and COPD. R. at 227–28. The veteran amended his claim by submitting a VA Form 21–4138, which was received on March 10, 1988, in which he claimed that the polycythemia rubra vera was caused by his possible exposure to radiation while serving aboard the *U.S.S. C.K. Bronson* (D.D.668) as part of the occupation of Japan in late 1945. R. at 229. The veteran further supported his claim by stating that he believed that his exposure could have occurred as a result of his assignment to search parties trying to capture Japanese hiding in the countryside or while he was on shore leave in Japan. R.

at 253. The VA issued a confirmed rating decision on November 12, 1988, denying service connection as to both diseases, citing as a basis a lack of evidence of service in Japan "around the atomic bomb sites" and a lack of evidence that either disease was the result of asbestos exposure. R. at 254. The veteran filed his Notice of Disagreement through the Disabled American Veterans, on December 13, 1988. R. at 256. On January 13, 1989, the veteran died; his widow, Mrs. Rita T. Ennis, filed a VA Form 21–4138 on February 11, 1989, in which she stated her desire to continue her late husband's claim. R. at 257.

Appellant, Mrs. Ennis, on March 25, 1989, amended her appeal to seek Dependency and Indemnity Compensation (DIC) benefits. R. at 263. On May 5, 1989, the VA issued a rating decision which denied DIC benefits, noting that the death certificate indicated death due to "metastatic bronchogenic carcinoma." R. at 266. An appeal to the BVA followed, and on October 5, 1989, the BVA issued two separate decisions. The first decision addressed the issue of service connection for the veteran's death. The BVA, in that decision, issued a remand to the originating agency with instructions to develop more fully the medical record on the issue of the veteran's fatal disease. R. at 273–75. The second BVA decision dealt with (1) service connection for polycythemia rubra vera based upon exposure to either asbestos or ionizing radiation and (2) service connection for COPD based upon exposure to asbestos. R. at 276–78. The BVA also issued a remand on this claim. R. at 277. The RO issued a rating decision on March 8, 1990, denying service connection for either polycythemia rubra vera or COPD. R. at 281–82. A second rating decision, denying service connection for the cause of death, was issued on April 23, 1990. R. at 388. Appellant appealed these latest rating decisions to the BVA. R. at 393–406. The BVA issued two separate decisions on March 1, 1991. The first decision denied entitlement to service connection for polycythemia rubra vera as a result of exposure to ionizing radiation. *Ennis*, BVA 91–06748, at 4. The second decision denied three claims: service connection for poly-

cythemia rubra vera as a result of asbestos exposure; service connection for chronic pulmonary disorder as a result of asbestos exposure; and service connection for the veteran's death "on a basis other than as the result of exposure to ionizing radiation." *Ennis,* BVA 91–06749, at 6. Appellant perfected a timely appeal of these decisions to this Court. The Court has jurisdiction of the case under 38 U.S.C.A. § 7252(a) (West 1991).

## II. ANALYSIS

■ Under 38 U.S.C.A. § 7261(a)(4) (West 1991), findings of material fact by the BVA may be set aside only if such findings are found to be "clearly erroneous." With regard to the claim for service connection for polycythemia rubra vera as a result of exposure to ionizing radiation, the BVA appropriately cited the relevant subparagraphs of 38 C.F.R. § 3.311b (1992), which address "claims based upon exposure to ionizing radiation." Section 3.311b(b)(2) lists those diseases which are presumed to be the result of exposure to ionizing radiation, and polycythemia rubra vera is not listed. In fact, section 3.311b(b)(3) specifically states that " 'radiogenic disease' shall *not* include polycythemia" (emphasis added). In addition, the veteran incurred this disease some two decades after service, and there is no indication that he incurred the disease while in service. R. at 222. Polycythemia rubra vera is not included as one of the VA-recognized "radiogenic diseases." *See also* 38 C.F.R. § 3.309(d)(2) (1992). Therefore, there is no extended presumption period on that basis. Nor is polycythemia rubra vera included among the diseases on the "chronic disease" list that is set forth in 38 U.S.C.A. § 1101(3) (West 1991). *See* 38 C.F.R. § 3.309(a) (1992). Thus, although 38 C.F.R. § 4.117 (Diagnostic Code 7704) (1992) provides that "polycythemia, primary" be *rated* as "pernicious anemia," a chronic disease which is listed in 38 U.S.C.A. § 1101(3) and 38 C.F.R. § 3.309(a), the treatment of "polycythemia, primary" as "pernicious anemia" for rating purposes does not extend the presumption period for chronic diseases to polycythemia. Therefore, the one-year presumption period provided for chronic diseases in 38 U.S.C.A. § 1112(a)(1) (West 1991), *see also* 38 C.F.R. § 3.307(a) (1992), is also inapplicable. Consequently, the veteran must establish service connection through incurrence or aggravation in service. *See* 38 U.S.C.A. § 1110 (West 1991). He was unable to do so. The BVA's decision on the issue of denial of service connection for polycythemia rubra vera, based on exposure to ionizing radiation, was made in full accordance with applicable laws and regulations, and that decision is affirmed.

■ With regard to the second and third issues, service connection for either (1) polycythemia rubra vera or (2) chronic pulmonary disorder as a result of exposure to asbestos, the BVA acknowledged first that "disease processes attributable to exposure to asbestos frequently are clinically manifested many years subsequent to that exposure." *Ennis,* BVA 91–06749, at 4. The BVA also determined that "it is established that veteran's military occupational specialty was one which would normally place him at high risk of exposure to asbestos." *Id.* However, the BVA went on to state that polycythemia rubra vera and chronic pulmonary disorder "are not recognized as asbestos-related diseases." *Id.* With regard to COPD, the BVA went on to further conclude that COPD "is not a characteristic manifestation of asbestos exposure...." *Id.* Consequently, the BVA determined that there was no service connection. The BVA, however, cited no authorities, medical or otherwise, for its determination that neither condition was an asbestos-related disease.

As we have previously said, "[s]uch a conclusion, especially if it is medical or scientific in nature, like all other findings of the BVA, must be supported by 'a written statement of ... the reasons or bases for those findings or conclusions.' " *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990) (quoting 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1))); *see also Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). Since such a statement is not present in this case with regard to the issues of service connection for polycythemia rubra vera and for COPD on the basis of asbestos exposure, the

Court remands the case so that the BVA may present adequate "reasons and bases" for its medical conclusions.

 The final issue is service connection for the cause of death. The record shows that the veteran's death was due to metastatic bronchogenic carcinoma. R. at 264. The BVA took note of the following information: (1) there was no evidence of lung cancer during service, (2) the veteran did not exhibit symptoms of bronchitis until some twenty years after separation from service, and (3) there was no evidence showing that the lung cancer was a result of his exposure to asbestos during service. *Ennis*, BVA 91–06749, at 4. The BVA also determined that the service-connected disabilities that the veteran did have, relatively mild musculoskeletal and circulatory disorders, neither caused nor contributed to the veteran's death. *Id.* at 4–5. For these reasons, the BVA concluded that appellant had failed to prove service connection for the cause of the veteran's death.

The analysis used by the BVA in this decision, however, is incomplete. There is currently no statute regarding asbestos and asbestos-related diseases, nor has the Secretary promulgated any regulations. The VA, however, has issued a circular on asbestos-related diseases, a circular which provides the only guidelines for considering asbestos compensation claims. DEPARTMENT OF VETERANS BENEFITS, VETERANS' ADMINISTRATION, DVB CIRCULAR 21–88–8, ASBESTOS-RELATED DISEASES (MAY 11, 1988). The circular specifically emphasizes the following criteria when assessing asbestos claims, criteria which the BVA failed to take into account in its decision. First, "the latent period varies from 10 to 45 or more years between first exposure and development of the disease." Second, "[p]ersons with *asbestos exposure* have an increased incidence of bronchial, lung, pharyngolaryngeal, gastrointestinal and urogenital cancer." Third, "U.S. Navy veterans were exposed to chrysotile products as well as amosite and crocidolite since these varieties of African asbestos were used exten-

sively in military ship construction." *Id.* at 1–2 (emphasis added).

We note that appellant has also made an appeal to the BVA for service connection for the cause of the veteran's death based on exposure to radiation, and we further note that the BVA remanded that claim to the originating agency because the BVA determined that the claim had "not been adequately developed for [the BVA's] consideration." *Ennis*, BVA 91–06749, at 2.

Because the veteran did have significant occupational exposure, because the VA recognizes that simple *asbestos exposure* can lead to bronchial or lung cancer, because the VA recognizes the extreme latency period associated with asbestos-related diseases, and because the VA is readjudicating the claim for service connection for cause of death on the basis of radiation exposure, we find that the BVA adjudicated this claim without adequate development. Therefore, this matter will be remanded with instructions that the Secretary more fully develop the claim, in light of the guidelines set forth in DVB CIRCULAR 21–88–8.

## III. CONCLUSION

For the reasons stated above, the Court AFFIRMS the decision of the BVA which denied service connection for polycythemia rubra vera due to radiation exposure. For the reasons also stated above, the Court VACATES the decision of the BVA which denied service connection for polycythemia rubra vera due to asbestos exposure, denied service connection for COPD due to asbestos exposure, and denied service connection for cause of death from exposure to asbestos. Further, the Court REMANDS these matters for readjudication consistent with this opinion. The Secretary is reminded that remand is not "merely for the purposes of rewriting the opinion so that it will superficially comply with the 'reasons or bases' requirement of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)). A remand is meant to entail a critical examination of the justification for the decision." *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991).

FARLEY, Associate Judge, concurring in part and dissenting in part:

The reasons or bases offered by the Board of Veterans' Appeals for rejecting the claims for service connection for polycythemia rubra vera and chronic obstructive pulmonary disease, particularly in light of DVB CIRCULAR 21–88–8 which was referenced by the majority in its opinion, are more than adequate to satisfy the requirements of 38 U.S.C. § 7104(d)(1) and our jurisprudence. *See Gilbert*, 1 Vet.App. 49. Unlike the majority, I would affirm the BVA's decisions on these two issues; I concur in the remainder of the analyses and holdings of the majority.