Citation Nr: 1706035 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 07-33 167 ) DATE
 )-
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to service connection for a respiratory/pulmonary disorder, to include chronic obstructive pulmonary disorder (COPD) and asthma, claimed as being due to exposure to chemicals and asbestos during service.


REPRESENTATION

Veteran represented by: Tennessee Department of Veterans' Affairs


ATTORNEY FOR THE BOARD

R. R. Watkins, Associate Counsel





INTRODUCTION

The Veteran served on active duty from April 1962 to October 1966.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2005 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee.

In his substantive appeal, the Veteran requested a Board hearing to be scheduled. However, in January 2009, he withdrew his request.

In March 2009, March 2012, and April 2015, this matter was remanded for additional evidentiary development.

The Veteran submitted additional evidence after the July 2016 supplemental statement of the case. However, this evidence is duplicative of prior submissions already considered by the RO. Therefore, a waiver is not necessary.

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system. There is also a paperless, electronic record in the Virtual VA system. 


FINDING OF FACT

A respiratory/pulmonary disorder, to include COPD and asthma, is not shown to be etiologically related to a disease, injury, or event in service, to include as due to exposure to chemicals and asbestos in service.






CONCLUSION OF LAW

The criteria for service connection for respiratory/pulmonary disorder, to include COPD and asthma, and to include as due to exposure to chemicals and asbestos in service, are not met. 38 U.S.C.A. §§ 1110, 1131, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.159, 3.303 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA), in part, describes VA's duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); Honoring America's Veterans and Caring for Camp Lejeune Families Act of 2012, Pub. L. No. 112-154, §§ 504, 505, 126 Stat. 1165, 1191-93; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2016). The VCAA applies to the instant claim. 

The RO provided pre-adjudication VCAA notice by a letter dated in September 2004. The Veteran was notified of the evidence needed to substantiate the claim for service connection, as well as what information and evidence must be submitted by the Veteran, what information and evidence would be obtained by VA.

VA has also fulfilled its duty to assist in obtaining identified and available evidence needed to substantiate the claim. Service treatment records (STRs), post-service treatment records, and lay statements have been associated with the record. 

VA obtained medical opinions and afforded the Veteran examinations in June 2009, January 2013, April 2014, and June 2016. As the examinations included reviews of the pertinent medical history, clinical findings, and diagnoses, and were supported by medical rationale, the Board finds that the examinations and opinions are adequate for rating purposes. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). 
In March 2009, March 2012, and April 2015, the Board remanded the Veteran's claim to obtain personnel records, medical treatment records, and to afford the Veteran VA examinations. As the requested development has been completed, no further action to ensure compliance with the remand directive is required. Stegall v. West, 11 Vet. App. 268 (1998).

As the Veteran has not identified any additional evidence pertinent to the claim and as there are no additional records to obtain, the Board concludes that no further assistance to the Veteran in developing the facts pertinent to the claim is required to comply with the duty to assist.

II. Service Connection

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a).

To establish a right to compensation for a present disability, a veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service." Davidson v. Shinseki, 581 F.3d 1313, 1315-16 (Fed. Cir. 2009); Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

In relevant part, 38 U.S.C.A. § 1154(a) requires that the VA give "due consideration" to "all pertinent medical and lay evidence" in evaluating a claim to disability or death benefits. Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional." Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed.Cir.2007). In fact, competent medical evidence is not necessarily required when the determinative issue involves either medical etiology or a medical diagnosis. Id. at 1376-77; see Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006); Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

Once evidence is determined to be competent, the Board must determine whether such evidence is also credible. See Layno v. Brown, 6 Vet. App. 465, 469 (1994) (distinguishing between competency ("a legal concept determining whether testimony may be heard and considered") and credibility ("a factual determination going to the probative value of the evidence to be made after the evidence has been admitted"). 

The United States Court of Appeals for Veterans Claims (Court) has held that VA must analyze an appellant's claim for service connection for asbestosis or asbestos related disabilities under the appropriate administrative guidelines. Ennis v. Brown, 4 Vet. App. 523 (1993); McGinty v. Brown, 4 Vet. App. 428 (1993). 

There is no specific statutory guidance with regard to asbestos-related claims, nor has the VA Secretary promulgated any regulations in regard to such claims. However, the VA Adjudication Procedure Manual, M21-1MR, Part IV, Subpart ii, Chapter 2, Section C (Manual), provides information concerning claims for service connection for disabilities resulting asbestos exposure. 

The Manual defines asbestos as a fibrous form of silicate mineral of varied chemical composition and physical configuration, derived from serpentine and amphibole ore bodies. M21-1MR, Part IV, Subpart ii, Chapter 2, Section C, Subsection (a). Common materials that may contain asbestos are steam pipes for heating units and boilers, ceiling tiles, roofing shingles, wallboard, fire-proofing materials, and thermal insulation. Id. at Subsection (a). 

Some of the major occupations involving exposure to asbestos include mining, milling, shipyard work, insulation work, demolition of old buildings, carpentry and construction, manufacture and servicing of friction products (such as clutch facings and brake linings), and manufacture and installation of products such as roofing and flooring materials, asbestos cement sheet and pipe products, and military equipment. Id. at Subsection (f). 
Asbestos fiber masses have a tendency to break easily into tiny dust particles that can float in the air, stick to clothes, and may be inhaled or swallowed. Id. at Subsection (b). Inhalation of asbestos fibers can produce fibrosis (the most commonly occurring of which is interstitial pulmonary fibrosis or asbestosis), tumors, pleural effusions and fibrosis, pleural plaques, mesotheliomas of pleura and peritoneum, and cancers of the lung, bronchus, gastrointestinal tract, larynx, pharynx, and urogenital system (except the prostate). Id. at Subsection (b). 

The latent period for the development of disease due to exposure to asbestos ranges from 10 to 45 or more years (between first exposure and the development of disease). Id. at Subsection (d). The adjudication of a claim for service connection for a disability resulting from asbestos exposure should include a determination as to whether or not: (1) service records demonstrate the veteran was exposed to asbestos during service; (2) development has been accomplished sufficient to determine whether or not the veteran was exposed to asbestos either before or after service; and (3) a relationship exists between exposure to asbestos and the claimed disease in light of the latency and exposure factors. Id. at Subsection (h). 

In Dyment v. West, 13 Vet. App. 141, 145 (1999), the Court found that provisions in former paragraph 7.68 (predecessor to paragraph 7.21) of VBA Manual M21-1, Part VI, did not create a presumption of exposure to asbestos. Medical-nexus evidence is required in claims for asbestos related disease related to alleged asbestos exposure in service. VAOGCPPREC 04-00. 

In short, with respect to claims involving asbestos exposure, VA must determine whether or not military records demonstrate evidence of asbestos exposure during service, develop whether or not there was pre-service and/or post-service occupational or other asbestos exposure, and determine whether there is a relationship between asbestos exposure and the claimed disease. See M21-1, Part VI, 7.21; DVB Circular 21- 88-8, Asbestos-Related Diseases (May 11, 1988).

In February 2006, the Veteran wrote that during his service, he worked in the hangar bay of a ship as an aircraft structural mechanic. He treated the cone of the helicopter. This required working in a confined space where he was exposed to chemicals, lead-based paint, lacquer, and lacquer thinner. He worked without a respirator or a mask. The Veteran concluded that the chemicals that he was exposed to in service caused his COPD.

The Veteran's STRs are silent regarding treatment for respiratory disorders in service.

Pursuant to the Board's March 2009 remand, the Veteran was afforded a VA respiratory examination in June 2009. The Veteran had a history of dyspnea on exertion and a minimal cough that was productive of occasional wheezing. The VA examiner conceded asbestos exposure. The Veteran reported a 60 pack year smoking history. He quit smoking in 1990. Pulmonary function studies were consistent with COPD of moderate severity. The VA examiner commented that it was unlikely that asbestos was the cause of the Veteran's COPD. He elaborated that there was no evidence that COPD had its onset during active service and was identified by a private physician in recent years. The VA examiner concluded that it was more likely than not that the Veteran's COPD was related to his heavy cigarette smoking history.

In January 2013, the Veteran was afforded another VA examination. The Veteran reported smoking 1 pack per day for 30 years from 1960 to 1990. He had extensive chemical exposure in service and a mild-moderated history of asbestos exposure. A chest examination indicated normal chest expansion with diffuse wheezing and good air movement. Imaging studies showed no pulmonary nodule and there was evidence of remote granulomatous disease. The VA examiner diagnosed moderate to severe persistent asthma and moderate COPD.

In March 2013, VA received a respiratory conditions disability benefits questionnaire (DBQ) from the Veteran's private physician. The Veteran was diagnosed with asthma in 1986 and COPD in 1991. The Veteran's respiratory conditions required medication.

In April 2014, the January 2013 VA examiner provided a medical opinion. He acknowledged that the Veteran worked as an aircraft mechanic and used a variety of cleaning substances. There was evidence of heavy cigarette smoking. With regard to dyspnea, the Veteran had a history of coronary heart disease since 1990. He commented that the Veteran had not been exposed with a sufficient intensity or duration to asbestos. The Veteran's COPD was associated with his heavy cigarette smoking rather than his exposure to asbestos or chemicals in service. 

In June 2016, the Veteran was afforded another VA examination. The VA examiner diagnosed asthma, COPD, and Wegener's Granulomatosis. The Veteran had a 60 pack year smoking history and dyspnea associated with coronary artery disease. There was a history of asbestosis exposure.

In June 2016, VA obtained an addendum medical opinion. The VA examiner diagnosed asthma, COPD, and Wegener's Granulomatosis. With regard to the May 2012 CT findings that identified numerous non-calcified nodules in the lungs, the VA examiner commented that granulomatous disease is noted in many patients on routine radiologic investigations and is caused by inflammation or scarring in the lungs due to fungal/mycobacterial exposures. The most common cause in the United States was bird and bat dropping exposure. The Veteran's asthma was diagnosed in 2003 and was an allergic inflammatory response with bronchospasm to allergens. His COPD was related to his extensive tobacco use and was diagnosed in the mid-2000s. Wegener's Granulomatosis is a multisystem autoimmune disease of unknown etiology that affects small and medium sized blood vessels. The Veteran was diagnosed with Wegener's Granulomatosis in 2014. None of the Veteran's disorders were diagnosed during his active service. The VA examiner conceded that the Veteran may have been exposed to asbestos. However, his imaging and pulmonary function tests did not indicate any asbestosis. The Veteran is service-connected for bladder cancer as secondary to exposure to paints, lacquers, etc. However, the VA examiner was not aware of any medical literature that would suggest an etiologic association between such exposures and the Veteran's respiratory disorders.

There are no positive etiological opinions of record. 

The Board has considered the Veteran lay statements regarding his respiratory disorder. The Veteran is competent to provide evidence of that which he experiences, including his symptomatology and medical history. See Layno, 6 Vet. App. at 469. In addition, lay evidence can be competent and sufficient to establish a diagnosis of a condition when: (1) a layperson is competent to identify the medical condition; (2) the layperson is reporting a contemporaneous medical diagnosis; or, (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. See Jandreau, 492 F.3d at 1377. 

The Board finds the Veteran to be competent to describe the onset of his respiratory disorder. However, the Board finds the opinions expressed in VA examination reports more probative than the lay statements of record as they were based upon reviews of the record, thorough examinations, and the VA examiners' expertise. 

Lastly, service connection is expressly precluded for any disability related to chronic tobacco use (for claims received after June 9, 1998). See 38 U.S.C.A. 
§ 1103 (West 2014); 38 C.F.R. § 3.300 (2016). 

Although the Veteran has established a current disability, the preponderance of the evidence weighs against a finding that the Veteran's respiratory disorder is causally related to his service. Since the preponderance of the evidence is against the claim, the benefit of the doubt rule is not applicable. See 38 U.S.C.A. § 5107(b); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49, 55-57 (1990); 38 C.F.R. § 3.102. For these reasons, the claim is denied.


 (CONTINUED ON NEXT PAGE)







ORDER

Service connection for a respiratory/pulmonary disorder, to include COPD and asthma, and to include as due to exposure to chemicals and asbestos in service, is denied.



____________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs