Citation Nr: 1806316 
Decision Date: 01/31/18 Archive Date: 02/07/18

DOCKET NO. 16-15 831 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Seattle, Washington


THE ISSUES

1. Entitlement to service connection for lung cancer due to exposure to asbestos.

2. Entitlement to service connection for heart disease claimed as secondary to radiation from lung cancer treatment.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

Martha R. Luboch, Associate Counsel 


INTRODUCTION

The Veteran had active duty service from June 1960 to January 1965.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a September 2015 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Seattle, Washington.

The Veteran testified before the undersigned Veterans Law Judge (VLJ) at a videoconference hearing in July 2017. A transcript of the hearing has been associated with the claims file. At the hearing, the VLJ granted a 90 day extension for the Veteran to obtain a private medical opinion. The record was held open for 90 days and the private medical opinion has been associated with the claims file. Because the Veteran's substantive appeal was received after February 2, 2013, and the Veteran's representative has not requested in writing that the AOJ initially review this evidence, initial review of this evidence by the AOJ is considered waived. Section 501 of the Honoring America's Veterans and Caring for Camp Lejeune Families Act of 2012, Public Law 112-154 (amending 38 U.S. § 7105 by adding new paragraph (e)).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012).


FINDINGS OF FACT

1. Resolving all reasonable doubt in his favor, the Veteran's in-service exposure to asbestos at least as likely as not was a contributing factor to the development of lung cancer.

2. The Veteran's heart condition described by the Veteran's physician as damage to the cardiac electrical system, heart valves, heat muscle, and coronary arteries, is secondary to radiation used for lung cancer treatment.


CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for lung cancer have been met. 38 U.S.C. §§ 1110, 1131, 5107(b) (2012); 38 C.F.R. §§ 3.102, 3.303 (2017).

2. The criteria for entitlement to service connection for heart disease have been met. 38 U.S.C. §§ 1110, 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303.


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran is seeking service connection for lung cancer which he contends is due to asbestos exposure, and heart disease which he contends was caused by his lung cancer treatment.

To prevail on the issue of service connection, there must be competent and credible evidence of (1) a current disability, (2) in-service occurrence or aggravation of a disease or injury; and (3) a nexus between an in-service injury or disease and the current disability. See generally Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

Service connection may be established for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. Regulations also provide that service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303(d).

A disability which is proximately due to or the result of a service-connected disease or injury shall also be service connected on a secondary basis. 38 C.F.R. § 3.310. The Board also notes that secondary service connection on the basis of aggravation is permitted under 38 C.F.R. § 3.310, and compensation is payable for that degree of aggravation of a non-service-connected disability caused by a service-connected disability and not due to the natural progress of the nonservice-connected disease. Allen v. Brown, 7 Vet. App. 439 (1995).

There is no specific statutory guidance with regard to asbestos-related claims, nor has the Secretary promulgated any regulations in regard to such claims. However, VA has issued certain procedures on asbestos-related diseases which provide guidelines for use in the consideration of compensation claims based on exposure to asbestos. See VA Adjudication Procedure Manual, M21-1 MR, Part IV, Subpart ii, Chapter 2, Section C, para. 9 (December 13, 2005); see also McGinty v. Brown, 4 Vet. App. 428, 432 (1993).

These guidelines note that the inhalation of asbestos fibers can produce fibrosis and tumors, that the most common disease is interstitial pulmonary fibrosis (asbestosis), and that the fibers may also produce various other cancers and tumors particularly in the chest and throat. See M21-1MR, Part IV, Subpart ii, Chapter 2, Section C, para. 9; see also Ennis v. Brown, 4 Vet. App. 523 (1993). It is noted that persons with asbestos exposure have an increased incidence of various cancers, including cancers of the lung, bronchus, larynx and pharynx.

It is also noted that the latency period for asbestos-related diseases varies from 10 to 45 or more years between first exposure and development of the disease, that an asbestos-related disease can develop from brief exposure to asbestos, and that there is a prevalence of asbestos-related disease among shipyard workers since asbestos was used extensively in military ship construction. Id.

The Court has also held that 'neither Manual M21-1 nor the Circular creates a presumption of exposure to asbestos solely from shipboard service. Rather, they are guidelines which serve to inform and educate adjudicators as to the high exposure to asbestos and the prevalence of disease found in insulation and shipyard workers and they direct that the raters develop the record; ascertain whether there is evidence of exposure before, during, or after service; and determine whether the disease is related to the putative exposure.' Dyment v. West, 13 Vet. App. 141 (1999); see also Nolen v. West, 12 Vet. App. 347 (1999); VAOGCPREC 4-2000. The M21-1MR lists occupations involving mining; milling; working in shipyards; insulation work; demolition of old buildings; carpentry and construction; manufacturing and servicing of friction products, such as clutch facings and brake linings; and manufacture and installation of products such as roofing and flooring materials, asbestos cement sheet and pipe products, and military equipment as some of the major occupations involving exposure to asbestos. See M21-1MR, Part IV, Subpart ii, Chapter 2, Section C, para. 9.f. 

Analysis

The Veteran's service treatment records are silent for any complaints, treatment, or diagnoses related to a respiratory disorder, to include lung cancer, or any heart disorder. The Veteran does not contend that he was diagnosed with or treated for any lung or heart disorder in service. Additionally, he has not contended that they manifested within one year of his separation from service. 

Private treatment records show diagnoses of lung cancer and heart disease. See e.g. September 2015 Private Treatment Records. Therefore, the Board finds that the first element of service connection has been met. See Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

As for the second requirement for service connection, that a disease or injury was incurred or aggravated during service, the Board notes that the Veteran has testified that while in the Navy, he did ship maintenance and chipped paint. His MOS is considered low for asbestos exposure. However, because chipping paint is not an MOS specific task and it can be performed by any Seaman, the regional office conceded exposure to asbestos while on active duty. Therefore, Shedden element (2) is met for lung cancer.

As for Shedden element (3), nexus, the Board finds that the evidence is at least in equipoise as to whether exposure to asbestos was a contributing cause of the Veteran's lung cancer. 

In this regard, the Board notes that in September 2015, the VA examiner opined that the Veteran's lung cancer was less likely than not related to his in-service asbestos exposure. As rationale, the examiner stated that there is no evidence of asbestosis or asbestos related lung disease and there is no pleural plaques, fibrosis, or interstitial lung disease on imaging studies or pathology reports. She indicated that the scarring reported on imaging was more likely than not related to the Veteran's prior surgery for lung cancer. However, a private medical opinion from August 2017 provided by the Veteran's treating oncologist states that the Veteran's in-service asbestos exposure likely contributed to his lung cancer diagnosis. The Veteran reported that he did not have any post-service asbestos exposure.

Under the benefit of the doubt rule, where there exists "an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter," the Veteran shall prevail upon the issue. Ashley v. Brown, 6 Vet. App. 52, 59 (1993); see Massey v. Brown, 7 Vet. App. 204, 206-207 (1994). Given the evidence of record, the Board resolves all reasonable doubt in the Veteran's favor and finds that the evidence supports the establishment of service connection for lung cancer and as such, his claim for entitlement to service connection for lung cancer is granted.

As noted, the Veteran also seeks entitlement to service connection for heart disease on a secondary basis. Specifically, he contends that his heart disease was caused by treatment for his now service-connected lung cancer.

There is one medical opinion of record. A September 2015 private medical opinion states that the Veteran has multiple types of heart disease caused by radiation therapy to the chest for cancer. The Veteran's physician indicated that in 2015, echo showed mild to moderate regurgitation of aortic, mitral and tricuspid valves with a trace of pulmonic, a clear deterioration. The examiner also stated that since radiation therapy, coronary artery disease was detected and the Veteran had been placed on multiple medications for heart disease. He further stated that radiation exposure has caused the Veteran to develop heart arrhythmia and has also damaged his heart muscle, and has caused his right ventricle to become enlarged. The examiner concluded "radiation treatment to the chest has damaged the patient's cardiac electrical system, heart valves, heart muscle, and coronary arteries."

Since this opinion was provided by the Veteran's treating physician who has extensive knowledge of the Veteran's medical history, and there are no contrary opinions, it provides a basis upon which to establish service connection for heart disease as secondary to service-connected lung cancer. 


ORDER

Entitlement to service connection for lung cancer is granted.

Entitlement to service connection for heart disease as secondary to radiation for lung cancer treatment is granted.



____________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs