﻿Citation Nr: AXXXXXXXX
Decision Date: 01/07/19 Archive Date: 01/07/19

DOCKET NO. 180626-567
DATE: January 7, 2019

ORDER

Entitlement to service connection for mantle cell lymphoma is granted.

FINDING OF FACT

Resolving reasonable doubt in the Veteran’s favor, his mantle cell lymphoma is at least as likely as not related to herbicide exposure in Thailand.

CONCLUSION OF LAW

The criteria for entitlement to service connection for mantle cell lymphoma are met. 38 U.S.C. §§ 1110, 1131, 5107(b) (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309(e) (2017).

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty from September 1963 to August 1967. The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the June 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

In October 2018, the Board received a motion to advance this case on the docket (AOD). The Veteran’s attorney indicated that he is dying from mantel cell lymphoma. Appeals must be considered in docket number order, but may be advanced if sufficient cause is shown. See 38 U.S.C. § 7107(a)(2); 38 C.F.R. § 20.900 (c). Sufficient cause includes advanced age (defined as 75 years or more), serious illness, severe financial hardship, or administrative error resulting in a significant delay. Based on representations made by the Veteran’s attorney, the Board finds sufficient cause to advance this appeal on the docket based on serious illness. Accordingly, the motion is granted.

Entitlement to service connection for mantle cell lymphoma is granted.

Service connection is granted for disability resulting from disease or injury incurred in or aggravated by active military service in the line of duty. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Establishing entitlement to service connection generally requires having competent and credible evidence of three things: (1) a current disability; (2) in-service incurrence or aggravation of a relevant disease or an injury; and (3) a causal relationship, i.e., a nexus, between the disease or injury in service and the current disability. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009). See also Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004), citing Hansen v. Principi, 16 Vet. App. 110, 111 (2002).

In addition, if a Veteran was exposed to an herbicide agent during active military, naval, or air service, certain diseases, including non-Hodgkin’s lymphoma (NHL), shall be presumptively service connected if the requirements of 38 C.F.R. § 3.307(a)(6) are met, even though there is no record of the disease during service, provided further that the rebuttable presumption provisions of 38 C.F.R. § 3.307(d) are also satisfied. 38 C.F.R. § 3.309(e). 

The Veteran contends that he has mantel cell lymphoma due to in-service herbicide agent exposure that occurred while he was stationed in Thailand in 1966 to 1967. The AOJ found that the Veteran has a diagnosis of mantel cell lymphoma, which is a type of NHL. See RAMP Rating Decision, June 2018; and Private medical opinion, May 2018. Therefore, the Veteran satisfies the first element of service connection. 

As the Veteran is claiming service connection on a presumptive basis, resolution of this appeal, turns on whether the Veteran had qualifying exposure to herbicides during his military service. He has not claimed, nor do his military personnel records reflect, any service in the Republic of Vietnam. Therefore, the presumption of herbicide exposure for such service is inapplicable. See 38 C.F.R. § 3.307(a)(6)(iii). That notwithstanding, the Veteran has documented service in Thailand during the Vietnam Era, showing that he served at Korat Royal Thai Air Force Base as a Weather Observer.

Claims involving alleged exposure at such an installation are to be analyzed under the appropriate administrative guidelines given the absence of pertinent statutory and regulatory provisions. See Ennis v. Brown, 4 Vet. App. 523 (1993); McGinty v. Brown, 4 Vet. App. 428 (1993). According to these guidelines, exposure will be conceded for certain veterans whose duties placed them on or near the perimeters of Thailand military bases during the Vietnam era. Such veterans include those who were stationed at the Royal Thai Air Force bases including Korat, and who served in a position or MOS that required duty on the base perimeter, such as security police or dog handler, etc. 

While records show that the Veteran served at Korat Royal Thai Air Force Base, he does not have the requisite MOS to concede herbicide exposure based on these provisions. Nevertheless, the Veteran contends that he was housed in a barracks near a bomb dump and near to the perimeter fence, and that his barracks had only a roof and screening for walls. See Veteran’s statement, May 2017. In support of his contentions, the Veteran submitted pictures of the base, including one purporting to show the barracks in close proximity to the base perimeter.

In October 2017, the JSRRC Coordinator at the RO issued a formal finding of a lack of information required to corroborate exposure to herbicides while in Thailand, thus declining to pursue further research through the JSRRC or the Air Force or National Archives and Records Administration (NARA) records. 

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether instead, a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination, the benefit-of-the doubt is afforded to the claimant. 38 C.F.R. § 3.102. Here, the Board finds that evidence is in relative equipoise, and will afford the Veteran the benefit-of-the doubt. The evidence shows that the Veteran served in the U.S. Air Force during the Vietnam Era at Korat Royal Thai Air Force Base. He has indicated service near the perimeter, to include his barracks’ location. In support of his claim, he has submitted diagrams to illustrate his proximity to the perimeter. Attempts to confirm the Veteran’s proximity to the perimeter have proven inconclusive. Therefore, the Board finds that the evidence is in relative equipoise. 

Accordingly, the Board gives the benefit-of-the-doubt to the Veteran, and the claim is granted.

 

E. I. VELEZ

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD K. Foster, Associate Counsel